OPINION
{¶ 1} Defendant-appellant, Chandale Miller, is appealing from his conviction for kidnapping, attempted murder and felonious assault. He assigns two errors for our consideration:
 I. The trial court abused its discretion in failing to grant defendant's request for a continuance to hire private counsel thereby depriving appellant of his rights as guaranteed by the sixth and fourteenth amendments to the united states constitution. *Page 2 
 II. The trial court erred by denying appellant's motion to suppress identification as the identification process was inherently unreliable and tainted by improper law enforcement procedures, thereby denying appellant his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 2} Addressing the first assignment of error, appellant was originally indicted on a total of ten charges on January 18, 2002. At his arraignment on January 23, 2002, he swore out an affidavit of indigency, which resulted in counsel being appointed to represent him. Counsel began preparing for trial.
 {¶ 3} Five weeks later, appellant informed the lawyer that he wanted another lawyer to represent him, so the first lawyer filed a motion seeking leave to withdraw as counsel. A second experienced criminal defense lawyer was then appointed to represent appellant.
 {¶ 4} Appellant was able to post bond and be released from custody, but violated an order to stay away from the victim of his crimes, resulting in his bond being revoked.
 {¶ 5} Appellant then hired an experienced criminal defense lawyer to represent him in the summer of 2002. New counsel filed a series of motions, including a motion to suppress identification. After appellant and his family failed to pay retained counsel, the trial judge assigned to the case appointed the attorney rather then allow counsel to withdraw and appoint a fourth attorney.
 {¶ 6} During this time frame, appellant's case was set for trial numerous times and continued numerous times for a variety of reasons, including the changes in counsel.
 {¶ 7} In May 2003, the trial court allowed the third attorney to be replaced and appointed yet another experienced criminal defense lawyer to represent appellant. The *Page 3 
trial was continued until July 7, 2003 and subsequently continued again to September 16, 2003 and to October 20, 2003.
 {¶ 8} The case finally proceeded to trial beginning October 20, 2003. On the second day of jury selection, appellant informed the court that he wanted to fire his fourth attorney, have his trial continued and then retain new counsel. The trial judge refused the request and had the trial proceed.
 {¶ 9} As appellate counsel for appellant acknowledges, the granting or the denial of a motion seeking a continuance is left to the sound discretion of the trial court. See State v. Unger (1981),67 Ohio St.2d 65.
 {¶ 10} The trial judge clearly did not abuse her discretion in refusing to continue the trial again. Appellant had replaced his second attorney with an attorney whom he had retained, but never fully paid. This resulted in the court having to appoint the attorney to the case so some payment was received and further trial continuances avoided. The fact that appellant said he was retaining counsel was not a guarantee that counsel could or would be retained.
 {¶ 11} Further, the trial of the case had been continued repeatedly for the better part of two years. Additional continuances would work a hardship on everyone else involved in the trial process, especially the victims of the crimes.
 {¶ 12} The trial judge was well within her discretion to cause the trial to proceed.
 {¶ 13} The first assignment of error is overruled.
 {¶ 14} The second assignment of error alleges that the trial court should have sustained the motion to suppress identification filed on behalf of appellant. For the motion to have been sustained, counsel for appellant would have had to have demonstrated that *Page 4 
the identification procedure was impermissibly suggestive. Counsel also would have had to have shown that identification was not reliable. See, respectively, Neil v. Biggers (1972), 409 U.S. 188, 93 S.Ct. 375; andState v. Brown (1988), 38 Ohio St.3d 305.
 {¶ 15} William Burton, one of the victims of the crime, had known appellant for a significant period of time, having bought crack cocaine from appellant on approximately a dozen occasions. The other victim, Marianne Blake, also knew appellant from prior drug transactions. This was not a case involving identification of someone never seen or known before.
 {¶ 16} The case itself involved a crack cocaine transaction in which appellant felt he was being ripped off. Eventually, appellant smashed an aquarium into Burton's head and physically beat Burton for over 30 minutes. Burton had plenty of time to observe appellant, who was already known by Burton. Marianne Blake also had lots of time to observe appellant. The in-court identification of appellant by Burton and Blake was not the product of anything but their prior knowledge of appellant and observation of appellant on the night appellant tried to kill Burton.
 {¶ 17} The second assignment of error is overruled.
 {¶ 18} Both assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
 PETREE and SADLER, JJ., concur. *Page 1